**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 12 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TARAY T. MORRIS,

           Petitioner - Appellant,

   v.

TONY A. MALFI, Warden and BILL
LOCKYER, Attorney General,

           Respondents - Appellees.

No. 10-16485

D.C. No. 3:06-cv-07409-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted August 30, 2011
San Francisco, California

Before: WALLACE, BERZON, and BYBEE, Circuit Judges.

Taray Morris appeals from the district court's judgment, denying Morris's

habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Morris first alleges that he was mentally incompetent at the time of his plea,

conviction, and sentencing, in violation of his due process rights. As the last

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

reasoned decision of the state court dismissed his claim on procedural grounds, we review the competency claim de novo.

The Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant while he is legally incompetent. *See Drope v. Missouri*, 420 U.S. 162, 172 (1975). A defendant is competent to stand trial if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "has a rational as well as factual understanding of the proceedings against him." *Id.* (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (internal quotation marks omitted)). The same standard applies to a defendant's competency to plead guilty and waive counsel for the plea. *See Godinez v. Moran*, 509 U.S. 389, 398 (1993).

The evidence, including the new evidence before the district court, was insufficient to establish that Morris was incompetent at the time that he waived his right to counsel and pled guilty. The change of plea transcript can reasonably be read as evincing a rational and factual understanding of the proceedings. Morris was familiar with court proceedings, he coherently responded to questions that were asked of him, he knew that the Deputy District Attorney was in the courtroom, and he initiated a conversation about striking a deal. Additionally, Morris expressed a desire to just "get it over with," which was not clearly

2

unreasonable, considering that he was already serving a sentence of life without the possibility of parole, plus other consecutive sentences.

Further, although the new evidence presented before the district court appears to establish that Morris may *now* be incompetent, it is insufficient to establish that Morris was incompetent at the time of the April 2004 hearing. We agree with the district court that, although it may be a close call, the contemporaneous evidence of competency, including prior mental health screenings and the change of plea transcript, outweighs the new evidence presented.

Morris further alleges that he did not knowingly and voluntarily waive his right to trial. The Court in *Iowa v. Tovar* explained that the Sixth Amendment "is satisfied when the trial court informs the accused of the nature of the charges against him, of his right to be counseled regarding his plea, and of the range of allowable punishments attendant upon the entry of a guilty plea." 541 U.S. 77, 81 (2004). In this case, the trial court informed Morris of the nature of the charges against him, his right to counsel, and the punishment if he entered a guilty plea. Because the California Superior Court's decision to deny Morris's habeas claim on the merits was not "contrary to, or . . . an unreasonable application of [*Tovar*, 541 U.S. 77,] or . . . based on an unreasonable determination of the facts in light of the

evidence presented," 28 U.S.C. § 2254(d), the district court did not err in denying the petition.

AFFIRMED